```
                    FILED
           CLERK, U.S. DISTRICT COURT

                  DEC 31 2014

           CENTRAL DISTRICT OF CALIFORNIA
           BY                     DEPUTY
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EDUARDO LOPEZ, individually and on behalf of other persons similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ABM JANITORIAL SERVICES, INC., a corporation organized under the laws of Delaware; and DOES 1 through 10,<br><br>    Defendants. | Case No. 2:14-CV-4719 GW (Ex)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>~~The Hon. Mariana R. Pfaelzer~~ |

IT IS HEREBY ORDERED THAT:

1.  In connection with any and all discovery and other proceedings in this action, any party may designate any pleading, testimony, information, documents, or any other thing filed or produced in connection with this litigation (together identified as "Material") as "Confidential" or "Confidential-Attorney's Eyes Only" under the terms of this Stipulated Protective Order ("Protective Order").

2.  A party may designate Material as "Confidential" if that party in good faith believes that such Material constitutes or reveals confidential, proprietary, or financial information, trade secrets, confidential research and development information, or other confidential information about that party's business, or the

business of another to whom that party owes a duty to maintain the confidentiality of such information. A party may also designate as "Confidential" Materials which are produced or disclosed by non-parties, by providing notice of such designation to all Parties to this Order and to the non-party producing such Material. Further, a party may designate as "Confidential" Materials which have been previously produced in connection with this lawsuit by either parties or non-parties. The parties may not, however, designate any Material as "Confidential" information already in the public domain, except where such information is in the public domain only through the wrongdoing of any non-disclosing party.

3. The parties may further designate certain documents, discovery materials or testimony which that party in good faith believes is highly confidential, sensitive, trade secret, and/or proprietary nature, and the disclosure of which could result in immediate and irreparable harm to the party's business, or the business of another to whom the party owes a duty to maintain the confidentiality of such information, or which invades constitutional privacy rights, as "Confidential Attorney's Eyes Only" (hereinafter Attorney's Eyes Only Material). A party may also designate as Attorney's Eyes Only Materials which are produced or disclosed by non-parties, by providing notice of such designation to all Parties to this Order and to the non-party producing such Material. Except that, no party shall designate any Material as "Attorney's Eyes Only" where the disclosing party contends in this Action that any other party to this litigation stole, misappropriated, copied or used without authorization such Material.

4. Designation of any Material may be made by stamping or otherwise marking the Material prior to filing or production as follows: "Confidential" or "Attorney's Eyes Only" Such marking shall occur on every page of the Material that is designated as Confidential or Attorney's Eyes Only Material and/or on the first and last page of voluminous individual documents or compilations at the producing party's option.

business of another to whom that party owes a duty to maintain the confidentiality of such information. A party may also designate as "Confidential" Materials which are produced or disclosed by non-parties, by providing notice of such designation to all Parties to this Order and to the non-party producing such Material. Further, a party may designate as "Confidential" Materials which have been previously produced in connection with this lawsuit by either parties or non-parties. The parties may not, however, designate any Material as "Confidential" information already in the public domain, except where such information is in the public domain only through the wrongdoing of any non-disclosing party.

3. The parties may further designate certain documents, discovery materials or testimony which that party in good faith believes is highly confidential, sensitive, trade secret, and/or proprietary nature, and the disclosure of which could result in immediate and irreparable harm to the party's business, or the business of another to whom the party owes a duty to maintain the confidentiality of such information, or which invades constitutional privacy rights, as "Confidential Attorney's Eyes Only" (hereinafter Attorney's Eyes Only Material). A party may also designate as Attorney's Eyes Only Materials which are produced or disclosed by non-parties, by providing notice of such designation to all Parties to this Order and to the non-party producing such Material. Except that, no party shall designate any Material as "Attorney's Eyes Only" where the disclosing party contends in this Action that any other party to this litigation stole, misappropriated, copied or used without authorization such Material.

4. Designation of any Material may be made by stamping or otherwise marking the Material prior to filing or production as follows: "Confidential" or "Attorney's Eyes Only" Such marking shall occur on every page of the Material that is designated as Confidential or Attorney's Eyes Only Material and/or on the first and last page of voluminous individual documents or compilations at the producing party's option.

5. Testimony given at a deposition may be designated as Confidential or Attorney's Eyes Only by making a statement to such effect on the record at such proceeding. Unless the parties otherwise agree in writing or on the record, it shall be the responsibility of the party designating deposition testimony as "Confidential" or "Attorney's Eyes Only" to make arrangements involving minimal or no additional costs to the other parties with the court reporter transcribing such testimony, to bind separate any portions of the transcript containing Confidential Material and to label such portions "Confidential" or "Attorney's Eyes Only". A party wishing to designate testimony as Confidential or Attorney's Eyes Only may do so on the record at the time such testimony is given, or within (15) days after the designated party, or his, her, or its counsel, receives the written transcript thereof.

6. Material disclosed in response to interrogatories or other written discovery may be designated as Confidential or Attorney's Eyes Only by the responding party indicating the same in the pertinent response, or by the propounding party giving notice within 15 days after receiving the responses.

7. Confidential and Attorney's Eyes Only Materials shall be used solely in connection with, and only as necessary to, this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for any other reasons including any business competitive purpose or governmental purpose or function, and shall not be disclosed to anyone except as provided herein. 8. Documents or information designated as "Confidential" Material may be disclosed or made available only to the following:

    a. The Court, including its staff;

    b. Counsel to the parties in this litigation and the legal associates and clerical or other support staff who are employed by such counsel and are assisting such counsel in this litigation ("Support Staff");

    c. Court reporters and videographers who record depositions or other testimony in this litigation;

Case 2:14-cv-04719-GW

      d.    Expert witnesses or consultants retained by parties or their counsel for this litigation, provided that prior to being afforded such access, such persons are provided a copy of this Protective Order and agree to be bound by its terms by certifying that he or she has carefully read the Protective Order and fully understands its terms. The certificate shall be of the form set forth in Exhibit "A" hereto. Counsel making disclosure to any person described herein shall retain the original executed copy of said certificate until final termination of this litigation;

      e.    Any other person as to whom the parties, in writing, agree.

9.    Documents or information designated as Attorney's Eyes Only Material, including any copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated in any way ONLY to (i) the Court or Court staff, (ii) counsel for the parties or an employee of such counsel who is assisting in this litigation and to whom it is necessary that the material shown for purposes of this litigation, and (iii) expert witnesses or consultants retained by parties or their counsel for this litigation (excluding any party or employee of any party who may be called upon to offer expert testimony a trial,) provided that prior to being afforded such access, be provided a copy of this Protective Order and agree to be bound by its terms by certifying that he or she has carefully read the Protective Order and fully understands its terms. The certificate shall be of the form set forth in Exhibit "A" hereto. Counsel making disclosure to any person described herein shall retain the original executed copy of said certificate until final termination of this litigation;

10.    If the attorney for any party in this litigation desires to give, show, make available or communicate any documents or information designated as Confidential or Attorney's Eyes Only to any person not specifically authorized to have access to such documents or information pursuant to Paragraphs 8 above, the requesting attorney shall disclose to the designating attorney the person to whom the disclosure is sought. The attorneys will then have ten (10) days to negotiate the

terms of disclosure to such person and, if no agreement can be reached, the party seeking to avoid disclosure shall have fourteen (14) additional days to file a Motion for a Protective Order to prevent such disclosure.

11. If Confidential or Attorney's Eyes Only materials are to be included in any papers to be filed with the court, the party intending to make such a submission shall file such Confidential or Attorney's Eyes Only Material Conditionally Under Seal pursuant to Local Rules and/or Chamber Rules. Upon failure of the filing party to seek such an Order, the producing party, person, or entity, or any party claiming confidentiality with respect thereto, may file an ex parte application or motion to place any Confidential Material under seal, which the moving party will not oppose pending the hearing of the Motion to Seal.

12. A party receiving Material designated Confidential or Attorney's Eyes Only, may, at any time, object in writing to such designation and must state the reasons for such objection. If the Parties are unable to informally resolve any objection as to the confidentiality of any such designated materials within ten (10) days of such written objection, to preserve such designated status, the designating party shall file a motion for an order preserving the designated status of such item within twenty (20) days, after the written objection was provided. Pending a final ruling from the Court on such a Motion, all materials shall be treated as properly designated as Confidential or Attorney's Eyes Only and afforded all protections under this Order. The burden of establishing that any Material designated as Confidential or Attorney's Eyes Only is properly designated shall be on the party seeking to uphold the designation.

13. In the event that any Confidential or Attorney's Eyes Only materials are used in any court, arbitration, mediation or other proceeding in this action, such use shall not affect its confidential status.

14. This Protective Order shall be without prejudice to the right of any party to:

      a.    bring before the Court at any time the question of whether any particular Material is properly designated as Confidential or "Attorney's Eyes Only";

      b.    present an application or motion to the Court for a separate protective order as to any particular Material, including one requesting restrictions different from those specified herein;

      c.    object to the production of any Material it reasonably considers not subject to discovery;

      d.    apply to or move the Court for an order compelling production of Material, or modifying this Protective Order. This Protective Order shall not be deemed to prejudice any party in any way in any potential, future motion or proceedings before the Court; and

      e.    raise any evidentiary objections with respect to such Material in connection with any motion or proceedings before the Court.

15. The provisions of this Protective Order, insofar as they restrict the communication and use of Confidential or Attorney's Eyes Only Material shall, without written permission of the producing party, or further order of this Court, continue to be binding on all persons subject to the terms of this Protective Order until further order of this Court.

16. Within sixty (60) days of the conclusion of the trial and of any appeals, or upon other termination of this litigation, all Confidential or Attorney's Eyes Only Material received under the provision of this Protective Order shall be tendered back to the producing party, person, or entity or, at the direction of the Court or producing party, person, or entity, be destroyed; provided, however, that attorney work product, attorney-client material, pleadings/motions and/or supporting material containing information derived from the Confidential Information, and of the Discovery itself, may be retained in counsel's files, provided that such information shall not be used for any purpose outside of this litigation. The provisions of this

Protective Order, insofar as they restrict the communication and use of Confidential or Attorney's Eyes Only Material shall, without written permission of the producing party, or further order of this Court, continue to be binding on all persons subject to the terms of this Protective Order until further order of this Court.

17. This Protective Order is entered solely for the purpose of facilitating the exchange of Material between the parties without unnecessarily involving the Court. Except as otherwise provided herein, no party admits anything or waives any otherwise unaffected right in entering into this Protective Order or performing under this Protective Order. No party shall argue, question or imply in any way before a jury or other trier of fact that the designation of any Material as Confidential is improper or suspect, or that any adverse inferences may be drawn from the designation. Without separate court order, this Protective Order and the parties' stipulation do not change, amend, or circumvent any court rule or local rule.

18. Nothing in this Protective Order shall impose any restriction on the use or disclosure by a party of Material that it obtains independent of discovery and other proceedings in this action, whether or not such Material is also produced through discovery or other proceedings in this action. This Protective Order also does not impose any restriction on any party from disclosing its own Confidential Material if it so wishes, however, such disclosure shall operate as a waiver of any designation of " Confidential" or "Attorney's Eyes Only" applicable to such Material.

19. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an

7
Case No. 2:14-CV-4719 GW (Ex)
[PROPOSED] PROTECTIVE ORDER

opposition to the application will be filed. If necessary, the protection to be afforded Confidential Material and Attorney's Eyes Only Material at trial, if any, shall be determined by the Court at a future date.

20. This Protective Order may be amended, and exceptions may be made hereto, only by written stipulation of the parties or by order of the Court. The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time in the proceedings.

Dated: 12/31/14                    By: _____
                                   Charles F. Eick
                                   United States Magistrate Judge

# EXHIBIT A

I hereby certify my understanding that "Confidential" or "Confidential Attorney's Eyes Only" Information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order dated _____, 2014, in Lopez v. ABM Janitorial Services, Inc., et al., United States District Court for the Central District of California, Case No.: 2:14-CV-4719 GW (Ex).

I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not disclose Confidential or Confidential Attorney's Eyes Only information to anyone, except as allowed by the Court. I will maintain all such Confidential or Confidential Attorney's Eyes Only information to anyone, except as allowed by the Court. I will maintain all such Confidential or Confidential Attorney's Eyes Only information in a secure manner to prevent unauthorized access to it. No later than 30 days after the termination of this action, I will return the Confidential or Confidential Attorney's Eyes Only information to the counsel who provided it to me. I hereby consent to be subject to the personal jurisdiction of the Court, with respect to any proceedings relative to the enforcement of that Order, including without limitation any proceeding related to contempt of Court.

Dated: _____    By: _____